IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Q. Robinson, | ) | C/A No.: 4:11-2044-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Ebony R. Scott Baxter; Lamont Baxter, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Lieber Correctional Institution. Plaintiff's complaint alleges the mother of his child and her husband have deprived him of his parental rights. [Entry #1 at 3]. He asks this court to order a paternity test, and requests visitation with the child and damages in the amount of five thousand dollars ($5,000.00) for mental anguish. *Id*. at 4.

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

II.     Analysis

In order for this court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation.  Federal courts are courts of limited

jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

A plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); *see also Dracos v. Hellenic Lines, Ltd.,* 762 F.2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Fed. R. Civ. P. 8(a)(1) requires that a complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If a court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court lacks subject matter jurisdiction. *Id*.

In the instant case, the complaint provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. To establish federal question jurisdiction, Plaintiff must raise a substantial issue of federal law in his complaint. A mere allegation that a federal statute has been violated is not

3

sufficient. Because the complaint does not raise any question of federal law, the court lacks federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

Plaintiff has similarly failed to set forth allegations indicating there is diversity jurisdiction pursuant to 28 U.S.C. §1332. The diversity statute requires complete diversity of citizenship and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). Although it is unclear whether the parties are diverse in this case, Plaintiff has not alleged damages in excess of $75,000.

Even if diversity existed and the amount in controversy were met, the domestic relations exception to the diversity statute would preclude this court from addressing the issues in the above-captioned case. *See Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982); *Wilkins v. Rogers*, 581 F.2d 399, 403 (4th Cir. 1978) ("It has long been held that the whole subject of domestic relations belongs to the laws of the state and not to the laws of the United States. . . . Thus, original jurisdiction of suits primarily involving domestic relations is improper, notwithstanding that the parties are residents of different states."); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (recognizing a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees."). As Plaintiff's complaint contains only issues related to domestic relations, it is not properly before this court.

Therefore, because Plaintiff has not set forth allegations providing this court with subject matter jurisdiction, it is recommended that the complaint be dismissed without prejudice.

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 31, 2011                                             Shiva V. Hodges
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**